FILED
2007 APR -6 PM 2:57
CLERK, US...
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

IN THE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY HERNANDEZ-GALLEGOS,

　　　　*Plaintiff,*

-vs.-　　　　　　　　　　　　　　　　　CASE NO.:

PFIZER, INC., a foreign corporation,　　3:07-cv-279-J-33TEM

　　　　*Defendant.*
_____/

## COMPLAINT AND JURY DEMAND

COME NOW the Plaintiff, Mary Hernandez-Gallegos, by and through her undersigned attorneys, and brings this action against the Defendant, Pfizer, Inc., and alleges as follows:

### JURISDICTIONAL ALLEGATIONS AND PARTIES

1. This is an action for damages, which exceeds Seventy-Five Thousand Dollars ($75,000), relating to Defendant's design, manufacture, sale, testing, marketing, advertising, promotion and/or distribution of the unsafe medication Bextra®. Plaintiff alleges that the amount of damage she sustained, excluding fees and costs, will exceed $75,000.00.

2. Plaintiff was at all times material to this action a resident citizen of the State of Florida.

3. Defendant, Pfizer, Inc. ("Pfizer"), is a Delaware corporation with its principal place of business at 235 East 42nd Street, New York, New York. Pfizer was, at all times material, a Delaware corporation, authorized to do business in the State of Florida.

4. There is complete diversity of citizenship between the Plaintiff and the Defendant. This Honorable Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332 (Diversity Jurisdiction), because the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship between Plaintiff and Defendant.

5. Pfizer committed a tort within the State of Florida and may be served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure, through its registered agent for service of process.

6. At all times material, Defendant was engaged in the manufacturing, packaging, marketing, distributing, promoting and the sale of the drug Valdecoxib, under the trade name Bextra®.

7. This action arises out of the Defendant's manufacturing, selling, distributing, marketing and/or otherwise promoting Bextra without notice to potential consumers of the dangers associated with ingestion of this drug.

8. The Plaintiff, Mary Hernandez-Gallegos, was prescribed, or otherwise lawfully provided with, Bextra in the State of Florida.

9. Defendant derives substantial revenue from pharmaceutical products used or consumed in the State of Florida. Defendant expected, or should have expected, that its business activities could have consequences within the State of Florida.

10. Venue is proper in this United States Judicial District pursuant to 28 U.S.C.A. § 1391. Plaintiff, Mary Hernandez-Gallegos, purchased the product, Bextra, in this District of Florida and resides in this district, and Defendant marketed, advertised and distributed Bextra in this district, thereby receiving substantial financial benefit and profits from the product, Bextra, in this district.

## FACTUAL BACKGROUND

11. As a direct and proximate result of Defendant's negligence, as described herein, Mary Hernandez-Gallegos, sustained personal injuries.

12. Bextra (Valdecoxib) is a prescription drug designed to treat pain through reduced inflammation agent (NSAID). Defendant, Pfizer did develop, manufacture, design, package, market, sell and distribute this drug in the State of Florida at all times relevant to this action.

13. At the time Defendant developed and manufactured Bextra, Defendant intended to capture a portion of the consumer market for cox-2 specific inhibitors.

14. The scientific data available during and after Pfizer's approval process should have alerted Pfizer that its formulation of Bextra could cause a higher risk of health risks and side effects such as blood clotting, stroke and/or myocardial infarctions among Bextra consumers.

15. Despite the findings, Pfizer continued to conceal or minimize the health risks associated with Bextra use.

16. Pfizer had control over the design, manufacturing, assembly, labeling, warning, packaging, marketing, advertising, promotion, direct-to consumer advertising, and/or sale of the drug Bextra.

17. At all times material, Pfizer actually knew of the defective nature of its product, Bextra, yet continued to design, manufacture, market, promote, distribute and sell its product so as to maximize company sales and profits at the expense of consumer safety and health and in conscious disregard of the foreseeable harm caused by Bextra.

18. Although Pfizer knew or should have known that personal injuries were associated with the use of Bextra, it continued on its aggressive marketing campaign and continued to manufacture, package, distribute, promote and sell Bextra without adequate warnings of the serious side effect and risks.

19. Plaintiff, Mary Hernandez-Gallegos, did not know of the potential connection between the use of Bextra and her injury until after the Food & Drug Administration ("FDA") issued its recommendation, on April 7, 2005, that Bextra be required to include a black box warning.

20. Plaintiff, Mary Hernandez-Gallegos, used Bextra for its intended purpose.

21. Plaintiff, Mary Hernandez-Gallegos, was not warned that Bextra was dangerous to her health.

## COUNT I
## STRICT LIABILITY

22. Plaintiff incorporates by reference paragraphs 1 through 21 above.

23. Bextra was defective and unreasonably dangerous when it left the possession of the Defendant, Pfizer, in that:

> a. When placed in the stream of commerce, Bextra contained unreasonable dangers, design defects and was not reasonably safe as intended to be used, subjecting Plaintiff to risks which exceeded the benefits of the drugs;
>
> b. When placed in the stream of commerce, Bextra was defective in design and formulation, making use of the drug more dangerous than an ordinary consumer would expect and more dangerous than other risks associated with Plaintiff's conditions;
>
> c. Bextra contained insufficient warnings to alert consumers, the consumer's prescribing physicians and users of the severe, life-threatening complications and side effects;

      d. There was misleading advertising and promotion concerning the benefits of using Bextra and;

      e. There are inadequate post-marketing warnings or instructions of the significant risks associated with the use of Bextra..

24. The Bextra products, sold to the Plaintiff, Mary Hernandez-Gallegos, reached her without substantial change.

25. Plaintiff was unaware of the dangerous propensities of the product until after her use and subsequent personal injuries.

26. Prescribing physicians, including Plaintiff's prescribing physician, do not have substantially the same knowledge as manufacturers regarding prescription medication. Prescribing physicians rely on manufacturers to provide adequate and appropriate warning regarding their products.

27. Pfizer had a continuing duty to provide accurate and adequate warnings to prescribing physicians of the dangers, risks and reactions associated with the use of Bextra.

28. The warnings given by Pfizer, to prescribing physicians, regarding Bextra were deficient, inadequate, unclear, misleading and/or ambiguous.

29. Plaintiff, Mary Hernandez-Gallegos, could not have discovered any defects in Bextra through the exercise of due care.

30. As a direct and legal result of the defective condition of the drug Bextra, Plaintiff, Mary Hernandez-Gallegos, was injured and experienced resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life experienced in the past and to be experienced in the future, medical and nursing expense and loss of ability to earn money sustained in the past and any such loss in the future.

WHEREFORE, Plaintiff demands judgment against Pfizer Inc. for damages and costs in a sum in excess of the jurisdictional requirement of this court.

## COUNT II
## NEGLIGENCE

31. Plaintiff incorporates by reference paragraphs 1 through 21 above.

32. At all times material hereto, Pfizer had a duty to exercise reasonable care in the design, manufacture, testing, processing, labeling, packaging, advertising, marketing, distribution and sale of its products.

33. Defendant, Pfizer, knew or should have known that Bextra caused unreasonably dangerous risks and serious side effects. Despite such knowledge, Pfizer aggressively advertised, marketed, sold and distributed Bextra, knowing that there were safer methods and products for use with pain and inflammation.

34. Defendant was negligent and breached their duty in the following manner:

    a. Pfizer failed to adequately and properly test Bextra before placing it on the market;

    b. Pfizer failed to adequately, accurately and appropriately warn prescribing physicians of the significant risk of personal injuries associated with the use of Bextra.

    c. Pfizer concealed the dangerous properties of Bextra in order to increase Pfizer's market share.

35. As a direct and legal result of the foregoing, Plaintiff, Mary Hernandez-Gallegos, was injured and experienced resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life experienced in the past and to be experienced in the future, medical and nursing expense and loss of ability to earn money sustained in the past and such loss in the future.

WHEREFORE, Plaintiff demands judgment against Pfizer Inc. for damages and costs in a sum in excess of the jurisdictional requirement of this court.

## COUNT III
## NEGLIGENT MISREPRESENTATION

36. Plaintiff incorporates by reference paragraphs 1 through 21 above.

37. At all times material hereto, Pfizer knew or should have known that its prescription medication, Bextra, caused unreasonable dangers, risks and serious side effects.

38. Despite its knowledge, Pfizer aggressively advertised, marketed, sold and distributed Bextra, knowing there were safer methods and products for use with pain and inflammation.

39. Defendant negligently misrepresented to the Plaintiff and Plaintiff's prescribing physician the safety and effectiveness of Bextra and/or negligently misrepresented material information regarding the drug and/or negligently misrepresented adverse information regarding the safety and effectiveness of Bextra.

40. Pfizer's misrepresentations were communicated to Plaintiff's prescribing physician with the intent that they reach the Plaintiff, Mary Hernandez-Gallegos, and that the effect of such representations would be that prescriptions would be written for the drug consuming public, including Plaintiff.

41. Pfizer made these representations and actively concealed adverse information at a time when the Defendant knew, or should have known, that its drug product had defects, dangers, and characteristics that were other than what Pfizer had represented to prescribing physicians or other dispensing entities, the FDA and the consuming public, including Plaintiff.

42. The misrepresentations of Pfizer were perpetuated directly and/or indirectly by Pfizer and its employees, agents and/or other detail persons.

43. The misrepresentations by Pfizer constitute a continuing tort.

44. Defendant had a continuing duty to warn Plaintiff and/or Plaintiff's prescribing physicians in a timely manner about the potential risks and complications associated with Bextra.

45. As a direct and legal result of the negligent misrepresentation of Defendant, Plaintiff, Mary Hernandez-Gallegos, was injured and experienced resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life experienced in the past and to be experienced in the future, medical and nursing expense and loss of ability to earn money sustained in the past and any such loss in the future.

WHEREFORE, Plaintiff demands judgment against Pfizer, Inc. for damages and costs in a sum in excess of the jurisdictional requirement of this court.

## COUNT IV
## FRAUD

46. Plaintiff incorporates by reference paragraphs 1 through 21 above.

47. Pfizer fraudulently or intentionally misrepresented to the Plaintiff and/or Plaintiff's prescribing physician the safety and effectiveness of Bextra and/or fraudulently or intentionally concealed material information regarding the drug and/or fraudulently or intentionally misrepresented adverse information regarding the safety and effectiveness of the drug.

48. Pfizer fraudulently or intentionally communicated misrepresentations to Plaintiff's prescribing physicians with the intent that they reach the Plaintiff.

49. Pfizer knew that its representations were false.

50. Plaintiff's prescribing physician and Plaintiff relied on the representations of Pfizer and approved the continuing use of Bextra by Plaintiff.

51. Pfizer made the fraudulent or intentional misrepresentation and/or actively concealed adverse information with the intention and specific desire that the Plaintiff, the Plaintiff's prescribing physician and/or dispensing entities and the consuming public would rely on such false information in selecting Bextra for treatment of pain and inflammation.

52. Pfizer made the fraudulent or intentional misrepresentations and actively concealed adverse information at a time when they knew that Bextra had defects, dangers and characteristics that were other than what Pfizer had represented to the prescribing physician or other dispensing entities, the FDA and the consuming public, including Plaintiff. Specifically, Pfizer fraudulently or intentionally misrepresented to and/or actively concealed from Plaintiff, Plaintiff's prescribing physician or other dispensing entities, the FDA and the consuming public the following adverse information regarding the drug Bextra as ingested by Plaintiff:

>   a) That Bextra carried risks of serious adverse effects;
>
>   b) Despite knowing that there were serious risks, Pfizer aggressively marketed, promoted advertising direct to consumer and/or sold the drug as if there was no risk;
>
>   c) Failed to advise Plaintiff, Plaintiff's prescribing physicians and others that prior studies, research, reports and/or testing had been conducted linking the use of the drug to serious adverse effects;

d) Represented that Bextra was safer than other alternative medications and fraudulently concealed information, which demonstrated that Bextra was not safer than alternatives available on the market.

53. The fraudulent or intentional misrepresentation and/or concealment by Pfizer constitute a continuing tort.

54. Pfizer had a continuing duty to warn Plaintiff and Plaintiff's prescribing physicians of the drug product in their labeling, advertising, product inserts, promotional material, direct to consumer advertising or other marketing efforts.

55. Pfizer fraudulently and intentionally misrepresented the safety and efficacy of Bextra in their labeling, advertising, product insert, promotional material, direct-consumer advertising or other marketing efforts.

56. Plaintiff and Plaintiff's prescribing physicians and dispensing entities justifiably relied to their detriment on and/or were induced by the fraudulent or intentional misrepresentations and/or concealment by Pfizer regarding the safety and effectiveness of Bextra.

57. As a direct and legal result of the fraudulent and intentional misrepresentation of and/or active concealment by Pfizer, Plaintiff, Mary Hernandez-Gallegos, ingested Bextra and sustained injuries and resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity of enjoyment of life experienced in the past and to be experienced in the future, medical and nursing expense and loss of ability to earn money sustained in the past and any such loss in the future.

WHEREFORE, Plaintiff demands judgment against Pfizer, Inc. for damages and costs in a sum in excess of the jurisdictional requirement of this court.

## COUNT V
## VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

58. Plaintiff incorporates by reference paragraphs 1 through 21 above.

59. This is an action brought pursuant to the Florida Deceptive and Unfair Trade Practices Act contained at Florida Statute Section 501.201, *et seq*.

60. Pfizer, through its agents, servants and employees, employed deception, fraud, false pretense, false promise, misrepresentation, unfair practice and the concealment, suppression and omission of material facts, in connection with the sale and/or advertisement of Bextra.

61. Such false and unfair practices violate the Florida Deceptive and Unfair Trade Practices Act which makes it unlawful to engage in unfair methods of competition, unconscionable acts or practices and unfair or deceptive acts or practices in the conduct of any trade or commerce. Fla. Stat. § 501.204.

62. Pursuant to Section 501.211(2) of the Florida Deceptive and Unfair Trade Practices Act, Plaintiff seeks actual damages plus attorneys' fees and court costs for Pfizer's conduct that resulted in the injury to the Plaintiff.

63. As a direct and legal result of the foregoing, Plaintiff, Mary Hernandez-Gallegos, sustained injuries and resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life experienced in the past and to be experienced in the future, medical and nursing expense and loss of ability to earn money sustained in the past and any such loss in the future.

WHEREFORE, Plaintiff demands judgment against Pfizer, Inc., for damages, attorneys' fees and costs.

## DEMAND FOR TRIAL BY JURY AND COSTS

Plaintiff, Mary Hernandez-Gallegos, hereby demands a trial by jury of all issues herein so triable and, in addition, demands an award of attorneys' fees and costs incurred in prosecuting this action.

Submitted this 6th day of April, 2007

SPOHRER WILNER, P.A.

Erin A. Juzapavicus, Esquire
Florida Bar No. 0031092
701 W. Adams St., Suite 2
Jacksonville FL 32204
Telephone: (904) 354-8310
Facsimile: (904) 358-6889
email: ejuzapavicus@swmmlaw.com

and

**HARRELL & HARRELL**

Donald Black, Esquire
Florida Bar No. 227791
4735 Sunbeam Road
Jacksonville, FL 32257

*Attorneys for Plaintiff*