IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY HERNANDEZ-GALLEGOS,

     Plaintiff,

vs.                           Case No. 3:07-CV-279-J-33TEM

PFIZER, INC., a foreign corporation,

     Defendant.
_____/

## DEFENDANT PFIZER INC.'S ANSWER AND DEFENSES AND JURY DEMAND

Defendant Pfizer Inc. (hereinafter "Pfizer"), incorrectly named as "Pfizer, Inc.", files this its Answer and Defenses to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.
## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Bextra®. Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Bextra®.

This preliminary statement is incorporated by reference in its entirety in response to each and every Paragraph of the Complaint.

**II.**
**ORIGINAL ANSWER**

**Response to Allegations Regarding Jurisdiction and Parties**

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the amount in controversy, and therefore denies them. However, Defendant admits that Plaintiff claims that the amount in controversy exceeds $75,000, exclusive of interests and costs.  Defendant admits that, during certain period(s) of time, it marketed and co-promoted Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and therefore denies the same.

3.      Pfizer admits that it is a Delaware corporation with its principal place of business in New York and that it does business in the State of Florida.  Defendant denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's citizenship and the amount in controversy, and therefore denies the same.  However, Defendant admits that Plaintiff claims that the parties

are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs, and that this Court has subject matter jurisdiction.

5.    The allegations contained in Paragraph 5 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that it committed a tort in the State of Florida or anywhere else and denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.    Defendant admits that, during certain period(s) of time, it marketed and co-promoted Bextra® (valdecoxib) in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.  Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.    Defendant admits that, during certain period(s) of time, it marketed and co-promoted Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9.    Defendant admits that, during certain period(s) of time, it marketed and co-promoted

Bextra® throughout the United States, including Florida, for the indications set forth in the FDA-approved package inserts and as permitted by law. Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Defendant is without knowledge or information sufficient to form a belief as to the judicial district in which the asserted claim allegedly arose, and therefore denies that venue is proper in this district pursuant to 28 U.S.C. § 1391. Defendant has insufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation that she purchased Bextra®, and therefore denies the same. Defendant admits that, during certain period(s) of time, it marketed and co-promoted Bextra® throughout the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Defendant denies committing a tort within the State of Florida and denies the remaining allegations contained in Paragraph 10 of the Complaint.

## Response to Factual Allegations

11.     Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     As stated in the package insert approved by the FDA, Defendant admits that Bextra® (valdecoxib) is a selective Cox-2 inhibitor non-steroidal anti-inflammatory drug (NSAID) which is indicated for relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, and for the treatment of primary dysmenorrhea. Defendant admits that, during certain period(s) of time, it marketed and co-promoted Bextra® throughout the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.

Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.    Defendant admits that, during certain period(s) of time, it marketed and co-promoted Bextra® throughout the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.    Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.    Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies that Bextra® caused Plaintiff injury or damages and denies the allegations contained in Paragraph 14 of the Complaint.

15.    Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies making any false or misleading statements, denies concealing information, and denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.    Defendant admits that, during certain period(s) of time, it marketed and co-promoted Bextra® throughout the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.    Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.    Defendant admits that, during certain period(s) of time, it marketed and co-promoted

Bextra® throughout the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies that Bextra® is defective and denies the remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendant admits that, during certain period(s) of time, it marketed and co-promoted Bextra® throughout the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the remaining allegations contained in Paragraph 18 of the Complaint.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint that Plaintiff took Bextra®, and therefore denies the same. Defendant states that the FDA recommendations speak for themselves and any attempt to characterize them is denied. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies that Bextra® caused Plaintiff any injury or

damages, and denies the remaining allegations contained in Paragraph 19.

20.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore denies the same.

21.    Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies the remaining allegations contained in Paragraph 21 of the Complaint.

<strong><u>Response to First Cause of Action: Strict Liability</u></strong>

22.    Defendant incorporates its responses to each paragraph of Plaintiff's Complaint as if set forth fully herein.

23.    Defendant denies that Bextra® was or is defective, and denies the remaining allegations contained in Paragraph 23 of the Complaint, including subparts a, b, c, d, and e.

24.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Bextra® reached Plaintiff and, therefore, denies the same.  Defendant states that, in the ordinary case, Bextra® was expected to reach users and consumers without substantial change from the time of sale.  Defendant denies the remaining allegations contained in Paragraph 24 of the Complaint.

25.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 regarding Plaintiff's knowledge and

Plaintiff's use of Bextra®, and therefore denies the same.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.    The allegations contained in Paragraph 26 of the Complaint are not directed towards Defendant, therefore, no response is necessary.   To the extent a response is required, Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendant denies the remaining allegations contained in Paragraph 26 of the Complaint.

27.    Paragraph 27 of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant admits that it has duties as are imposed by law, but denies that it breached any such duties.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Defendant denies the remaining allegations contained in Paragraph 27 of the Complaint.

28.    Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and

comported with applicable standards of care and law. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.    Defendant denies that Bextra® is defective and denies the remaining allegations contained in Paragraph 29 of the Complaint.

30.    Defendant denies that Bextra® is defective, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations contained in Paragraph 30 of the Complaint.

Defendant denies the allegations contained in the unnumbered paragraph in the First Cause of Action of the Complaint.

## Response to Second Cause of Action: Negligence

31.    Defendant incorporates its responses to each paragraph of Plaintiff's Complaint as if set forth fully herein.

32.    Paragraph 32 of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendant admits that it has duties as are imposed by law, but denies that it breached any such duties. Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint.

33.    Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.    Defendant denies that Bextra® is defective and denies the allegations contained in

Paragraph 34 of the Complaint, including subparts a, b, and c.

35.     Defendant denies that it was negligent, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations contained in Paragraph 35 of the Complaint.

Defendant denies the allegations contained in the unnumbered paragraph in the Second Cause of Action of the Complaint.

### Response to Third Cause of Action: Negligent Misrepresentation

36.     Defendant incorporates its responses to each paragraph of Plaintiff's Complaint as if set forth fully herein.

37.     Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.   Defendant denies that Bextra® is unreasonably dangerous and denies the remaining allegations contained in Paragraph 37 of the Complaint.

38.     Defendant admits that, during certain period(s) of time, it marketed and co-promoted Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies making any misrepresentations and denies the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies making any misrepresentations and denies the remaining allegations contained in Paragraph 40 of the Complaint.

41.     Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant denies that Bextra® is defective, denies making any misrepresentations, denies concealing any information, and denies the remaining allegations contained in Paragraph 41 of the Complaint.

42.     Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies making any misrepresentations and denies the remaining allegations contained in Paragraph 42 of the

Complaint.

43.     This paragraph contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant denies making any misrepresentations and denies the remaining allegations contained in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendant admits that it has duties as are imposed by law, but denies that it breached any such duties.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies the remaining allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies that Bextra® caused Plaintiff injury or damages, denies making any misrepresentations, and denies the remaining allegations contained in Paragraph 45 of the Complaint.

        Defendant denies the allegations contained in the unnumbered paragraph in the Third Cause of Action of the Complaint.

### Response to Fourth Cause of Action: Fraud

46.     Defendant incorporates its responses to each paragraph of Plaintiff's Complaint as if set forth fully herein.

47.     Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant states that Bextra® was and

is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies making any misrepresentations, denies concealing any information, and denies the remaining allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies making any misrepresentations and denies the remaining the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies making any misrepresentations and denies the remaining the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint as to the state of mind or knowledge possessed by Plaintiff and Plaintiff's physicians, and therefore denies them. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies making any misrepresentations and denies the remaining allegations contained in Paragraph 50 of the Complaint.

51.     Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies making any misrepresentations, denies concealing any information, and denies the remaining allegations contained in Paragraph 51 of the Complaint.

52.     Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and

comported with applicable standards of care and law. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies making any misrepresentations, denies concealing any information, and denies the remaining allegations contained in Paragraph 52 of the Complaint, including subparts a, b, c, and d.

53.    Paragraph 53 of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendant denies making any misrepresentations, denies concealing any information, and denies the remaining allegations contained in Paragraph 53 of the Complaint.

54.    Paragraph 54 of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendant admits that it has duties as are imposed by law, but denies that it breached any such duties. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies the remaining allegations contained in Paragraph 54 of the Complaint.

55.    Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant denies making any misrepresentations and denies the remaining allegations contained in Paragraph 55 of the Complaint.

56.     Defendant lacks sufficient knowledge and information to form a belief as to the truth of allegations about the state of mind or knowledge possessed by Plaintiff and Plaintiff's physicians, and therefore denies the same.  Defendant denies making any misrepresentations, denies concealing any information, and denies the remaining allegations contained in Paragraph 56 of the Complaint.

57.     Defendant has insufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation that she took Bextra®, and therefore denies the same.  Defendant denies that Bextra® caused Plaintiff injury or damages, denies making any misrepresentations, denies concealing any information, and denies the remaining allegations contained in Paragraph 57 of the Complaint.

Defendant denies the allegations contained in the unnumbered paragraph in the Fourth Cause of Action of the Complaint.

### Response to Fifth Cause of Action: Violation of the Florida Deceptive and Unfair Trade Practices Act

58.     Defendant incorporates its responses to each paragraph of Plaintiff's Complaint as if set forth fully herein.

59.     The allegations contained in Paragraph 59 of the Complaint state legal conclusions to which no response is required.

60.     Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies the allegations

contained in Paragraph 61 of the Complaint.

62.    Paragraph 62 of the Complaint contains legal conclusions to which no response is required.  To the extent that a response is deemed required, Defendant denies that Bextra® caused Plaintiff injury or damages and denies the remaining allegations contained in Paragraph 62 of the Complaint.

63.    Defendant denies that Bextra® caused Plaintiff injury or damages and denies the remaining allegations contained in Paragraph 63 of the Complaint.

Defendant denies the allegations contained in the unnumbered paragraph in the Fifth Cause of Action of the Complaint.

### Response to Demand for Trial By Jury and Costs

Defendant denies the allegations set forth in the "Demand for Trial by Jury and Costs" Paragraph and denies that the Plaintiff is entitled to an award of attorneys' fees or costs.

### III.
### GENERAL DENIAL

Defendant denies all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

### IV.
### AFFIRMATIVE DEFENSES

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendant affirmatively shows that:

-16-

**First Defense**

1.    The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.    Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.    At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.    At all relevant times, Defendant's warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.    Plaintiff's claims should be diminished in whole or in part in the amount paid to Plaintiff by any party or non-party with whom Plaintiff has settled or may settle.

**Sixth Defense**

6.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendant.

## Seventh Defense

7.    Plaintiff's action is barred by the statute of response.

## Eighth Defense

8.    Plaintiff's claims against Defendant are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate her damages, and any recovery by Plaintiff should be diminished accordingly.

## Ninth Defense

9.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

## Tenth Defense

10.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

## Eleventh Defense

11.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

## Twelfth Defense

12.    Defendant affirmatively denies that they violated any duty owed to the Plaintiff.

## Thirteenth Defense

13.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Bextra® is a prescription medical product, available only on the order of a licensed physician. Bextra® provided an adequate warning to Plaintiff's treating and prescribing physicians.

## Fourteenth Defense

14.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

## Fifteenth Defense

15.     Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

## Sixteenth Defense

16.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

## Seventeenth Defense

17.     Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use

of the product Bextra® after the product left the control of Defendant and any liability of Defendant is therefore barred.

### Eighteenth Defense

18.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendant.

### Nineteenth Defense

19.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Twentieth Defense

20.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twenty-first Defense

21.    Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-second Defense

22.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-third Defense

23.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

and Plaintiff's causes of action are preempted.

### Twenty-fourth Defense

24.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-sixth Defense

26.    Plaintiff's claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-seventh Defense

27.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-eighth Defense

28.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:
Products Liability.

### Thirtieth Defense

30.    Plaintiff's fraud-based claims, if any, are not stated with particularity as required by
Rule 9 of the Federal Rules of Civil Procedure and/or Rule 1.120 of the Florida Rules of
Civil Procedure.

### Thirty-first Defense

31.    Plaintiff's claims are barred because Bextra® was designed, manufactured, and
marketed in accordance with the state of the art at the time of manufacture per section
768.1257, Florida Statutes.

### Thirty-second Defense

32.    Bextra® is not defective or unreasonably dangerous, and Defendant is not liable
because, at the time of sale or distribution of the Bextra® alleged to have been used by
Plaintiff, Defendant had complied with applicable regulations of the federal Food & Drug
Administration and is entitled to application of section 768.1256, Florida Statutes.

### Thirty-third Defense

33.    In the event that reliance was placed upon Defendant's nonconformance to an
express representation, this action is barred as there was no reliance upon representations, if
any, of Defendant.

### Thirty-fourth Defense

34.    Plaintiff failed to provide Defendant with timely notice of any alleged

nonconformance to any express representation.

## Thirty-fifth Defense

35.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

## Thirty-sixth Defense

36.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

## Thirty-seventh Defense

37.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

## Thirty-eighth Defense

38.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

## Thirty-ninth Defense

39.    If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon

information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-first Defense

41.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-second Defense

42.     Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendant's conduct.

### Forty-third Defense

43.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiff.

### Forty-fourth Defense

44.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendant's conduct.

### Forty-fifth Defense

45.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-sixth Defense

46.     The claims must be dismissed because Plaintiff would have taken Bextra® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-seventh Defense

47.     The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### Forty-eighth Defense

48.     Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Forty-ninth Defense

49.     Plaintiff's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiff's recovery.  Thus, Defendant is entitled to have its liability to the Plaintiff, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of

section 768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant to sections 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendant's percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability.  The persons or entities referred to in this paragraph that are presently unknown to Defendant will be identified in a timely manner consistent with Nash v. Wells Fargo, 678 So. 2d 1262 (Fla. 1996).

### Fiftieth Defense

50.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-first Defense

51.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.  Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-second Defense

52.     Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

### Fifty-third Defense

53.     Plaintiff fails to state a claim for violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

### Fifty-forth Defense

54.     FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiff's FDUTPA claim is improper and should be dismissed.

### Fifty-fifth Defense

55.     The acts or practices of which Plaintiff complains were and are required or specifically permitted by federal or state law.   Therefore, Plaintiff's FDUTPA claim is barred, fails to state a claim, and should be dismissed with prejudice.

### Fifty-sixth Defense

56.     Plaintiff lacks standing because the answering Defendants did not engage in deceptive conduct with regard to Plaintiff or otherwise.

## V.
## JURY DEMAND

Defendant hereby demands a trial by jury.

## VI.
## PRAYER

WHEREFORE, Defendant Pfizer Inc. prays that Plaintiff take nothing by her suit, that Pfizer be discharged with its costs expended in this matter, and for such other and further

relief to which Pfizer may justly be entitled.

s/ Edward W. Gerecke
Edward W. Gerecke
Florida Bar No. 328332
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., Suite 1000 (33607)
Post Office Box 3239
Tampa, Florida 33601
Telephone:     (813) 223-7000
Facsimile:     (813) 229-4133
E-Mail:        egerecke@carltonfields.com

Attorneys for Pfizer Inc.

## CERTIFICATE OF SERVICE

I CERTIFY that on May 14, 2007, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Erin A. Juzapavicus at ejuzapavicus@swmmlaw.com.

s/ Edward W. Gerecke
Attorney